[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Michael Martanis, has filed an application for an order directing the parties to proceed with arbitration as called for in an underinsured/uninsured motorist policy issued by the defendant, Allstate Insurance Company. The defendant has now moved for summary judgment on the plaintiff's underlying CT Page 918 complaint for uninsured motorist benefits. Specifically, the defendant argues that even if the plaintiff were to prevail on his claim and obtain full uninsured coverage, defendant carrier would still be entitled to a full credit as a result of the plaintiff's receipt of social security disability benefits. SeeVitti v. Allstate, 245 Conn. 169, 194-95, 713 A.2d 1269 (1998) (permitting offsets from social security disability payments).
The Court is persuaded, however, that there are material facts in dispute which preclude summary judgment at this time. Specifically, the plaintiff raises the possibility of contradictory insurance provisions, arising from another possibly applicable policy, which may impact whether a residual lies beyond the setoff the defendant is entitled to take. While the plaintiff's argument is somewhat conjectural, the court notes that it is the arbitrators' place to determine offsets and the amounts of available coverage as called for in the underinsured/uninsured motorist policies. See, Connecticut Ins.Guaranty Assn. v. Zasun, 52 Conn. App. 212, ___ A.2d ___ (1999); Conn. Gen. Stat. § 38a-336. Moreover, such arbitration is required for a final determination of insurance coverage with respect to uninsured motorist claims. Gaudet v. Safeco Ins. Co.,219 Conn. 391, 394, 593 A.2d 1362 (1991).
The defendant's motion for summary judgment, accordingly, is denied.
NADEAU, J.